# GOTTESMAN, WOLGEL, FLYNN, WEINBERG & LEE, P.C.

A Professional Corporation Incorporated in the State of New York

SAMUEL GOTTESMAN (1905-1974)
HAROLD H. WOLGEL (1920-2010)
LAWRENCE L. FLYNN
STEVEN WEINBERG
STEWART W. LEE ◊

RICHARD B. DEMAS
SUSANNA REQUETS ◊
KELSEY BILODEAU ◊
CHARLOTTE LICKER ◊

◊ Also Admitted in New Jersey

ATTORNEYS AT LAW
11 HANOVER SQUARE
NEW YORK, N.Y. 10005-2870

TELEPHONE (212) 495-0100
FACSIMILE (212) 480-9797

WRITERS E-MAIL:
sweinberg@gottesmanlaw.com

IN REPLY REFER TO
14863

October 6, 2017

*VIA ELECTRONIC CASE FILING*
*and FIRST-CLASS MAIL*

The Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: Civil Action No. 17-cv-03586 (SJF)(AYS)
U.S. SBA as Receiver for Elk Assocs. Funding Corp. v. Feinsod, et. al.
Civil Action No. 13-cv-1326 (LAW)
United States of America v. Elk Assoc. Funding Corp.

Dear Judge Feuerstein

    We are local counsel for the U.S. Small Business Administration (the "SBA") in its capacity as the court appointed Receiver (the "Receiver") for Elk Associates Funding Corp. ("Elk"), the plaintiff in the above-captioned action.

    On behalf of the Plaintiff/Receiver, we respectfully request that this action be reassigned to Judge Leonard A. Wexler on the grounds that it is an ancillary action to the receivership proceeding pending before the Honorable Leonard A. Wexler captioned: *United States of America, on behalf of its agency, the United States Small Business Administration v. Elk Associates Funding Corp.,* Civil Action No. 13 Civ. 1326 (LAW) (the "Receivership Proceeding"). This is an ancillary action because it is an action by Elk which is now in Receivership, seeking damages against Elk's former officers and directors, which damages would be assets of the Receivership estate.

    In the Receivership Proceeding, Judge Wexler appointed the United States Small Business Administration as the Receiver for Elk Associates Funding Corp. The appointment of the Receiver with its powers and duties are set forth in the Consent Order Appointing SBA as Permanent Liquidating Receiver of Defendant Elk Associates Funding Corp. (the "Receivership Order') filed on April 24, 2013 in the Receivership Proceeding (Receivership Proceeding Docket No. 15).

The Honorable Sandra J. Feuerstein
U.S. District Court for the E.D.N.Y.
October 6, 2017
Page 2

The Receivership Order provides, among other powers and duties, that the Receiver "is appointed for the purpose of marshaling and liquidating all of ELK's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court." *See Receivership Order* ¶ **1**. Paragraph one of the Receivership Order further states "[p]ursuant to the provisions 15 U.S.C. §687(c), this Court hereby takes exclusive jurisdiction of ELK and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("Receiver") of ELK to serve without bond until further order of this Court." *See Receivership Order* ¶ **1**. The Receivership Order further provides, "[t]he Receiver shall assume and control the operation of ELK and shall pursue and preserve all of its claims." *See Receivership Order* ¶ **2.**

There has been significant litigation relating to the Receiver's marshaling and liquidating of Elk's assets in the Receivership Proceeding. Specifically related to this action, the Honorable Leonard Wexler issued an Order Partially Lifting the Judicial Stay and Injunction for a Limited Purpose on November 21, 2016 (Receivership Proceeding Docket No. 82), lifting the judicial stay and injunction previously imposed in the Receivership Proceeding by Paragraph 7 of the Receivership Order to allow the Receiver to "commence and pursue a civil action for (1) breach of fiduciary duty, (2) waste of corporate assets, (3) aiding and abetting a breach of fiduciary duty, (4) negligence and (5) any other applicable civil cause of action against the former officers and directors of Elk that approved authorized or facilitated the advances from Elk to AmeriTrans that total over $12 million in the aggregate and any other entities the Receiver finds are necessary to its civil action without further order of this Court...." *See Receivership Proceeding Docket No. 82.* Any final determination or settlement of this action will be reported to, and which report will be reviewed and approved by Judge Wexler.

The related case was disclosed on the Civil Cover Sheet (JSC44C) filed with the Complaint in this action (ECF Doc. No. 1-1) on June 14, 2017 and is a related case pursuant to the Local Rules. The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York effective December 19, 2016, at Rule 13, states that "[i]n determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is a substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." *See Local Rules, R. 13.*

Here, the Receivership Proceeding concerns the Receiver and the assets of the Receivership and there is a substantial factual overlap with information, transactions or events which have already been presented to Judge Wexler, through previous filings in the Receivership Proceeding. Pursuant to the Receivership Order a final determination or settlement of this lawsuit will be reported by the Receiver to Judge Wexler and the Receiver will request Judge Wexler's approval of the Receiver's actions in the report.

The Honorable Sandra J. Feuerstein
U.S. District Court for the E.D.N.Y.
October 6, 2017
Page 3

    Therefore, based upon relatedness and efficiency it is respectfully requested that Judge Feuerstein so order this letter reassigning this case to Judge Wexler for this case to continue under the Receivership Judge.

    We remain available to answer any inquiry that this Court may have.

    Thank you.

Respectfully yours,

Steven Weinberg

CC:   ARLENE M. EMBREY, ESQ. (*VIA ECF ONLY*)
U.S. Small Business Administration
*Counsel for the U.S. Small Business Administration as Receiver for Elk Associates Funding Corp.*
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416

JUSTIN V. SHUR, ESQ. (*VIA ECF ONLY*)
RAYINER HASHEM, ESQ.
MoloLamken LLP
*Counsel for Defendants Michael R. Feinsod, and Richard L. Feinstein*
600 New Hampshire Ave. N.W., Suite 660
Washington, D.C. 20037

MARK A. KORNFIELD, ESQ. (*VIA ECF ONLY*)
KEITH R. MURPHY, ESQ.
MICHAEL A. SABELLA, ESQ.
Baker & Hostetler, LLP
*Counsel for Defendant Steven Etra*
45 Rockefeller Plaza
New York, New York 10111

EDWARD M. SPIRO, ESQ. (*VIA ECF ONLY*)
MIRIAM L. GLASER, ESQ.
Morvillo Abramowitz Grand
Iason & Anello P.C.
*Counsel for Defendant Gary Granoff*
565 Fifth Avenue
New York, New York 10017

The Honorable Sandra J. Feuerstein
U.S. District Court for the E.D.N.Y.
October 6, 2017
Page 4

    WENDY MICHAEL, ESQ. (*VIA ECF ONLY*)
    Greenspoon Marder, P.A. P.C.
    *Counsel for Defendant Silvia Mullens*
    IBM Building
    590 Madison Avenue, Suite 1800
    New York, New York 10022

    MARTIN L. SEIDEL, ESQ. (*VIA ECF ONLY*)
    Wilkie Farr & Gallagher LLP
    *Counsel for Defendants John Laird, Ivan J.*
    *Wolpert, Howard Sommer, Murray Indick,*
    *Elliot Singer, and Peter Boockvar*
    787 Seventh Avenue
    New York, New York 10019