# GOTTESMAN, WOLGEL, FLYNN, WEINBERG & LEE, P.C.

### A Professional Corporation Incorporated in the State of New York

SAMUEL GOTTESMAN (1905-1974)
HAROLD H. WOLGEL (1920-2010)
LAWRENCE L. FLYNN
STEVEN WEINBERG
STEWART W. LEE ◊
_____
RICHARD B. DEMAS
KELSEY BILODEAU ◊
CHARLOTTE LICKER ◊
◊ Also Admitted in New Jersey

ATTORNEYS AT LAW
11 HANOVER SQUARE
NEW YORK, N.Y. 10005-2870
——
TELEPHONE (212) 495-0100
FACSIMILE (212) 480-9797

WRITERS E-MAIL:
sweinberg@gottesmanlaw.com

IN REPLY REFER TO
14863

November 27, 2018

***VIA ELECTRONIC CASE FILING***
***and FIRST-CLASS MAIL***
The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

> Re:    Civil Action No. 17-cv-03586 (JFB)
>         U.S. SBA as Receiver for Elk Assocs. Funding Corp. v. Feinsod, et. al.
>         Civil Action No. 13-cv-1326 (JFB)
>         United States of America v. Elk Assoc. Funding Corp.

Dear Judge Bianco:

We are local counsel for the plaintiff U.S. Small Business Administration as Receiver for Elk Associates Funding Corp. (the "Receiver").  We are writing pursuant to Your Honor's Individual Motion Practice and Rules §III(A) and local civil rules 7.1(d) & 5.2(b), to request a pre-motion conference prior to submitting a motion to strike affirmative defenses pursuant to Federal Rule of Civil Procedure ("FRCP") 12(f).  As this is a dispositive motion and not a pretrial dispute related to discovery pursuant to FRCP 37, in accordance with local civil rule 37.3 we did not, and we were not required to, confer with opposing counsel.  The Receiver is submitting this request to narrow the issues before this Court, and to focus discovery to limit the duration and expense of litigation by avoiding the inclusion of inappropriate and conclusory defenses.

The Receiver also respectfully requests an extension of time pursuant to FRCP 6(b)(1)(A), to 14 days after the completion of any pre-motion conference scheduled by this Court, for the Receiver to file the FRCP 12(f) motion.  The Receiver will briefly outline three bases for its motion to strike including a description of the defenses and examples.  All bases to strike with specific defenses will be set forth fully in the motion.

First, certain defenses are barred by this Court's Orders.  Your Honor's Memorandum and Order dated October 1, 2018, granting in part and denying in all other respects defendants' motion to dismiss ("Order"), precludes the affirmative defense that Plaintiff has failed to state a claim upon which relief can be granted, pled by all defendants except Mr. Feinsod and Mr. Feinstein.  *See* ECF Doc. 66; *see also Lopez v. Resort Airlines, Inc.,* 18 F.R.D. 37, 40 (S.D.N.Y. 1955) ("defense will be stricken since

The Honorable Joseph Bianco
U.S. District Court for the E.D.N.Y.
November 27, 2018
Page 2

the contention there advanced has been presented previously and rejected.")  Similarly, Your Honor's Order precludes: (i) Mr. Granoff (defense #2) and Ms. Mullens (defense #10) asserting that the complaint is ambiguous and does not give proper notice of the issues in this case; (ii) Mr. Granoff (defense #4) and Ms. Mullens (defense #12) asserting that Plaintiff has failed to allege any damage or injury suffered as a result of Defendant's action; and (iii) Ms. Mullens (defense #5) asserting that Plaintiff lacks standing to assert some or all of the claims.  *See* ECF Doc. 66.  Further, the Consent Order Appointing SBA as Permanent Liquidating Receiver of Defendant Elk Associates Funding Corp. dated April 24, 2013 ("Receivership Order") entered in the *United States of America v. Elk Assoc. Funding Corp.* ("Receivership Action"), by paragraphs 7, 8 and 9 instituted a litigation stay and injunction, that tolled any applicable statute of limitations for any cause of action accrued or accruing in favor of Elk and bars the statute of limitations defense.  *See* Receivership Action at ECF. Doc. 15.

Second, multiple conclusory affirmative defenses with insufficient underlying facts have been asserted by defendants, many of which as currently pled are barred as a matter of law.  Conclusory defenses prejudice the Receiver by failing to provide notice of the basis for defenses upon which defendants intend to rely, and warrant dismissal on that basis.  *See EEOC v Frontier Hot-Dip Galvanizing, Inc.*, 2017 US Dist. LEXIS 208632, at *9-11 (W.D.N.Y. Dec. 18, 2017) ("[m]otions to strike affirmative defenses…should be granted where the affirmative defense contains nothing more than bald assertions, unaccompanied by supporting facts") *citing Shechter v. Comptroller of City of N.Y.,* 79 F.3d 265, 270 (2d Cir. 1996) (affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy).

Defendants' conclusory defenses include but are not limited to: (i) equitable defenses including purported unclean hands, ratification, waiver, estoppel, laches, release, failure to mitigate, minimize or avoid any damages, license, and acquiescence; (ii) Ms. Mullens defense (defense #4) based on purported but unspecified documentary evidence, and (iii) defenses based on purported intervening causes*,* including those attributed to or alleged against non-party SBA.  To the extent these defenses are asserted against the Receiver, same are barred as the Receiver is only liable for actions it has committed post receivership outside the scope of its duties, whereas the actions complained of the defendants occurred pre-receivership.  *See Kadosh v. Kadosh,* 2018 N.Y. Misc. LEXIS 2016 *8 (Sup. Ct. New York Cnty., May 24, 2018).  To the extent these defenses are asserted against the SBA, they are barred as the agency is not a party here, the SBA and Receiver are two discrete legal entities, and equitable defenses are not generally available against a federal agency.  *See FDIC v. Bernstein,* 944 F.2d 101, 106 (2d Cir. 1991); *FDIC v. Ornstein,* 73 F. Supp. 2d 277, 283-284 (E.D.N.Y. 1999) (dismissing affirmative defenses by former officers and directors that were based on pre-receivership actions by federal regulator).

By example, the defense of unclean hands is unavailable as a matter of law as a defense to an action at law for money damages and should be dismissed on that basis.

The Honorable Joseph Bianco
U.S. District Court for the E.D.N.Y.
November 27, 2018
Page 3

*See Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.,* 2016 U.S. Dist. LEXIS 165511
*21-22 (S.D.N.Y. Nov. 21, 2016) *citing Aetna Cas. & Sur. Co. v. Aniero Concrete Co.,*
404 F.3d 566, 607 (2d Cir. 2005).  The defense of failure to mitigate does not state which
entity purportedly failed to mitigate or "the extent to which such efforts would have
diminished those damages" and should be dismissed on that basis.  *See Aristocrat Leisure
Ltd. v. Deutsche Bank Trust Co. Americas,* 727 F. Supp. 2d 256, 279 (S.D.N.Y. 2010).
Similar analysis and factual insufficiency apply to the other equitable defenses asserted
by the defendants.  Likewise, defendants' have pled through a variety of defenses that
some purported intervening cause, including conduct of unspecified other people or
entities, conduct of the Receiver, and/or conduct of the SBA, caused Plaintiff's damages.
However, due to the lack of factual allegations it is impossible for the Receiver to
determine what person or entity purportedly intervened or to determine the basis for the
defense that an intervening act of "such an extraordinary nature so attenuates defendant's
negligence from the ultimate injury that responsibility for the injury may not be
reasonably attributed to the defendant," thus warranting this Court to strike defendants'
defenses alleging an intervening cause.  *See Breitkopf v. Gentile,* 41 F. Supp. 3d 220, 276
(E.D.N.Y. 2014).

        Third, certain defenses asserted by defendants state conclusions of law or are
otherwise improper.  By example, all defendants except Mr. Feinsod and Mr. Feinstein,
asserted a defense purportedly reserving defendants' right to assert other defenses, and
Mr. Granoff (defense #15) and Ms. Mullens (defense #27) asserted a defense adopting
other defendants' defenses.  The appropriate mechanism to add new affirmative defenses
is a FRCP 15(a) motion to amend the pleading.  *See Erickson Beamon Ltd. v. CMG
Worldwide, Inc.,* 2014 US Dist. LEXIS 112437 *16 (S.D.N.Y. Aug. 13, 2014).
Similarly, certain defenses assert legal conclusions which are not defenses available
under the law, including: (i) Mr. Granoff (defense #3), Ms. Mullens (defense #11) stating
that plaintiff is not entitled to the relief it seeks, and (ii) Mr. Granoff (defense #6), Ms.
Mullens (defense #14) stating that there was no unlawful conduct.

        Based upon the foregoing it is respectfully requested that Your Honor schedule a
pre-motion conference, permit the Receiver to file a motion to strike, and extend the time
for the Receiver to file a motion to strike to fourteen (14) days after the completion of a
pre-motion conference before this Court.  We remain available to answer any inquiry that
this Court may have.  Thank you.

                                        Respectfully submitted,

                                        Steven Weinberg

CC:    ARLENE M. EMBREY, ESQ. (*VIA ECF ONLY*)
       U.S. Small Business Administration
       *Counsel for the U.S. SBA as Receiver for Elk Associates Funding Corp.*

The Honorable Joseph Bianco
U.S. District Court for the E.D.N.Y.
November 27, 2018
Page 4

409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416

JUSTIN V. SHUR, ESQ. (*VIA ECF ONLY*)
RAYINER HASHEM, ESQ.
MoloLamken LLP
*Counsel for Defendants Michael R. Feinsod, and Richard L. Feinstein*
600 New Hampshire Ave. N.W., Suite 660
Washington, D.C. 20037

MARK A. KORNFIELD, ESQ. (*VIA ECF ONLY*)
DREW O'MALLEY
Quarles & Brady LLP
*Counsel for Defendant Steven Etra*
101 East Kennedy Blvd., Suite 3400
Tampa, Florida 33602

EDWARD M. SPIRO, ESQ. (*VIA ECF ONLY*)
MIRIAM L. GLASER, ESQ.
Morvillo Abramowitz Grand
Iason & Anello P.C.
*Counsel for Defendant Gary Granoff*
565 Fifth Avenue
New York, New York 10017

WENDY MICHAEL, ESQ. (*VIA ECF ONLY*)
Greenspoon Marder, P.A. P.C.
*Counsel for Defendant Silvia Mullens*
IBM Building
590 Madison Avenue, Suite 1800
New York, New York 10022

MARTIN L. SEIDEL, ESQ. (*VIA ECF ONLY*)
Wilkie Farr & Gallagher LLP
*Counsel for Defendants John Laird, Ivan J.
Wolpert, Howard Sommer, Murray Indick,
Elliot Singer, and Peter Boockvar*
787 Seventh Avenue
New York, New York 10019