CLERK

11:44 am, Sep 29, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
U.S.        SMALL        BUSINESS
ADMINISTRATION as receiver of ELK
ASSOCIATES FUNDING CORP.,                    MEMORANDUM & ORDER
                                             17-CV-3586(JS)(JMW)
            Plaintiff,

     -against-

MICHAEL    FEINSOD   and   RICHARD
FEINSTEIN,

            Defendants.
--------------------------------X
```

APPEARANCES
For Plaintiff:        Steven Weinberg, Esq.
                      Kelsey Bilodeau, Esq.
                      Gottesman Wolgel Flynn & Weinberg PC
                      11 Hanover Square, 4th Floor
                      New York, NY 10005

For Defendants:       Justin Vaun Shur, Esq.
                      Rayiner Hashem, Esq.
                      MoloLamken LLP
                      600 New Hampshire Avenue, NW
                      Washington, DC 20037

                      Elizabeth Kathleen Clarke, Esq.
                      Thomas P. Schubert, Esq.
                      MoloLamken LLP
                      300 N. LaSalle Street
                      Chicago, IL 60654

                      Sara Ellen Margolis, Esq.
                      MoloLamken LLP
                      430 Park Avenue, Floor 6
                      New York, NY 10022

SEYBERT, District Judge:

        Pending before the Court is the motion by Defendants

Michael Feinsod ("Feinsod") and Richard Feinstein ("Feinstein")

(collectively, the "Defendants") to strike an affidavit filed by

Plaintiff U.S. Small Business Administration as Receiver of Elk Associates Funding Corp. (the "Plaintiff" or "Receiver") in support of its motion for summary judgment. (Defs. Mot. Strike, ECF No. 238.) The affidavit at issue was submitted by Christine Lewis ("Lewis"), the Receiver's principal agent (the "Lewis Affidavit"); and Defendants argue, inter alia, the fifty-four-page Lewis Affidavit is not based upon personal knowledge as required by Federal Rule of Civil Procedure ("Rule") 54(c)(4). (See Defs. Mot. Strike Support Memo at 1, ECF No. 238-1; see also Lewis Aff., ECF No. 223-1.) For the reasons that follow, Defendants' motion to strike is GRANTED IN PART and DENIED IN PART.

BACKGROUND

I.   Factual Background

The Court presumes the parties' familiarity with the factual background of this case and recites only those facts necessary to adjudicate the instant motion to strike.

On April 24, 2012, the United States Small Business Administration ("SBA") was appointed as Receiver of Elk Associates Funding Corporation ("Elk"). (See Receivership Order, Ex. 1, ECF No. 241-1, attached to Weinberg Aff, ECF No. 241.) The Receiver was appointed for the purpose of "marshaling and liquidating all of Elk's assets and satisfying the claims of creditors therefrom." (Id. ¶ 1.) To accomplish this, the Receiver was entitled to, among other things, "take . . . possession of all assets, bank accounts

2

or other financial accounts, books and records and all other documents or instruments relating to Elk." (Id. ¶ 3.) "The past and/or present officers, directors, managers, principals, management company, agents, trustees, attorneys, accountants, and employees of Elk" were ordered to disclose to the Receiver "all books, records, documents, accounts and all other instruments and papers of and relating to Elk and all of Elk's assets." (Id.) Once Elk's employees were dismissed and their powers suspended, the Receiver was authorized to appoint new "officers, managers, management companies, principals, directors, agents, employees, shareholders, creditors, debtors, and investors of Elk," as deemed "necessary or advisable to effectuate the operation of the receivership." (Id. ¶ 4.)

On June 14, 2016, Lewis was appointed as Principal Agent, replacing Kevin Dahill ("Dahill"). (See Order Appointing Principal Agent for Receiver, Ex. 2, ECF No. 241-2, attached to Weinberg Aff.) Lewis is an independent contractor to the Receiver; she is not an SBA employee. (See Lewis Dep. Tr. at 18, Ex. 5, ECF No. 241-5, attached to Weinberg Aff.) In her capacity as Principal Agent, Lewis acts on behalf of the Receiver to carry out the "day to day functions and operations necessary to liquidate" Elk. (See Order Appointing Principal Agent for Receiver at 1; see also Lewis Dep. Tr. at 18.) Lewis manages and evaluates the assets in Elk's portfolio and develops a liquidation plan to

recover assets and pay off creditors and shareholders. (See Lewis Dep. Tr. at 18-19.) Her duties include but are not limited to, attending quarterly reviews and reviewing Elk's records, which include, inter alia, a liquidation report prepared by her predecessor Dahill, receivers' reports, and the Complaint in the instant action. (See id. at 41-45, 59-60.) Lewis is, admittedly, not a "valuation expert" (id. at 69); however, part of her role is to determine the approximate value of particular assets, including those sold before her appointment, and to report that information to the Receiver (id. at 69-70).

## II. Procedural History

The Receiver commenced this action on June 14, 2017 against numerous former directors and officers of ELK, including Feinsod and Feinstein.[1] (See generally Compl., ECF No. 1.) In its Amended Complaint dated February 25, 2021, the Receiver asserts claims against Defendants for: (1) breach of fiduciary duty; (2) ultra vires acts; (3) waste of corporate assets; (4) conversion; (5) negligence; and (6) gross negligence. (See Am. Compl. ¶¶ 177-230, ECF No. 166.)

On December 6, 2022, the Receiver filed its motion for summary judgment, supported by, inter alia, the Lewis Affidavit.

---

[1] With the exception of Feinsod and Feinstein, the Receiver has since entered into stipulations of dismissal with all of the originally named defendants.

4

(Pl. Mot. Sum. J., ECF No. 223.)   Defendants have also moved for summary judgment.   (Defs. Joint Mot. Sum. J., ECF No. 225; Feinstein Mot. Sum. J., ECF No. 228.)   In connection with their summary judgment motions, the parties have filed motions in limine ("MIL") to exclude the testimony proffered by their respective experts.   (Pl. MIL, ECF No. 224; Defs. MIL I, ECF No. 231; Defs. MIL II, ECF No. 233; Defs. MIL III, ECF No. 235.)   On December 21, 2022, Defendants also filed the instant motion to strike the Lewis Affidavit in its entirety.   (See Defs. Mot. Strike Support Memo at 1.)   During the pendency of the motion to strike, the parties completed briefing on their Daubert motions; however, the Court has held in abeyance further briefing on the summary judgment motions.   (See Dec. 27, 2022 Elec. Order.)

## DISCUSSION

In their motion to strike the Lewis Affidavit in its entirety, Defendants argue: (1) the Lewis Affidavit is not based upon personal knowledge, and is riddled with hearsay, unqualified expert analysis, and improper legal argument; and (2) the Receiver submitted the fifty-four-page Lewis Affidavit in an attempt to circumvent the Court's thirty-page limitation for its summary judgment brief.

## I.   Legal Standard

"Whether to grant or deny a motion to strike is vested in the trial court's sound discretion."   Peters v. Molloy Coll. of

Rockville Ctr., No. 07-CV-2553, 2010 WL 3170528, at *1 (E.D.N.Y. Aug. 10, 2010) (internal quotation marks and citations omitted). Pursuant to Rule 54(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 54(c)(4). "Thus, '[a] court . . . may strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements.'" Nachimovsky v. Nike, Inc., No. 19-CV-2120, 2022 WL 943421, at *5 (E.D.N.Y. Mar. 29, 2022) (quoting Hollander v. Am. Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999), abrogated on other grounds by Schnabel v. Abramson, 232 F.3d 83 (2d Cir. 2000)), aff'd, 2023 WL 4504461 (2d Cir. July 13, 2023).

## II.  Analysis

Beginning with their first argument, Defendants attack the Lewis Affidavit on the grounds that Lewis lacks personal knowledge because "she was not engaged as principal agent for the Receiver until June 14, 2016," "[y]et nearly all of her declaration is testimony about events happening years before." (Def. Mot. Strike Support Memo at 3-4.) The Court disagrees because "it is 'axiomatic that a corporate representative may testify and submit affidavits based on knowledge gained from a review of corporate

books and records.'" Pace v. Air & Liquid Sys. Corp., 171 F. Supp.

3d 254, 272 (S.D.N.Y. 2016) (quoting Harrison-Hoge Indus., Inc. v.

Panther Martin S.R.L., No. 05-CV-2851, 2008 WL 905892, at *28

(E.D.N.Y. Mar. 31, 2008)).   Lewis' knowledge of events that

occurred prior to her appointment, as described in her affidavit,

is clearly derived from her review of records after she assumed

the role of Principal Agent.   (See Lewis Aff. ¶ 4 ("My knowledge

of activities taken by the Receiver prior to my engagement on June

14, 2016 are based on my review of Receivership records provided

to me upon my appointment.   As an independent contractor retained

by the Receiver, I assist the Receiver in administering the Elk

receivership estate including making recommendations as to

liquidation of assets and pursuit of claims.   This Affidavit is

made in my capacity as Principal Agent to the Receiver and based

upon my personal knowledge, and/or my review of the books and

records maintained by Elk in the regular and ordinary course of

its business, in the possession of the Receiver and on the

Receiver's records.   As Principal Agent to the Receiver, which is

the custodian of these records, I am familiar with the facts and

circumstances surrounding this matter.").)   Further, "[a]n

affiant's conclusions based on personal observations over time,

however, may constitute personal knowledge" and they "may testify

as to the contents of records . . . reviewed in . . . [an]

official capacity."   Giallanzo v. City of N.Y., 630 F. Supp. 3d

439, 458 (S.D.N.Y. 2022) (quoting Searles v. First Fortis Life Ins. Co., 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000)); see also Thomas v. Buffalo Club, No. 12-CV-1050, 2020 WL 8673986 at *3 (W.D.N.Y. 2020) (declining to strike an affidavit by a general manager whose employment post-dated the events giving rise to the plaintiff's discrimination claims because the affidavit was "based upon knowledge gained from his review of corporate books and records"). Accordingly, the Court declines to strike the Lewis Affidavit on this basis.

Next, Defendants argue the Lewis Affidavit contains inadmissible hearsay, conclusory statements, and legal arguments. They cite to "thirty-seven specific paragraphs and sub-paragraphs of the Lewis Affidavit," particularly, ¶¶ 3, 9.C, 9.D, 9.G, 9.L, 9.I, 10, 11, 12, 14, 16, 19, 20, 22, 23, 26, 32, 34, 36, 41, 42, 44, 50, 57, 58, 60, 61, 64, 67, 68, 69, 72, 73, 74, 78, 79, 85. (See Def. Reply at 10 & n.8, ECF No. 247.)  "[A]lthough a court certainly cannot consider inadmissible evidence contained in an affidavit submitted in opposition to [or in support of] a summary judgment motion, the Court is not obligated to engage in the time-consuming, cumbersome process of formally striking such evidence in a line-by-line fashion."  M.V.B. Collision, Inc. v. Allstate Ins. Co., 728 F. Supp. 2d 205, 209 (E.D.N.Y. 2010) (citing Sauerhaft v. Bd. of Educ. of Hastings-on-Hudson Union Free Sch.

8

Dist., No. 05-CV-9087, 2009 WL 1576467, at *8 (S.D.N.Y. June 2, 2009)).

Nevertheless, the Court has reviewed the challenged portions of the Lewis Affidavit and finds insufficient grounds to strike the Affidavit in its entirety.  Contrary to the relief sought by Defendants here, "[w]hen resolving a motion to strike, it is appropriate to use 'a scalpel, not a butcher knife.'"  Id. (quoting Pharmacy, Inc. v. Am. Pharm. Partners, No. 05-CV-0776, 2007 WL 2728898, at *1 (E.D.N.Y. Sept. 14, 2007)).  That is the approach the Court will utilize here.

The vast majority of the purportedly problematic assertions in the Lewis Affidavit pertain to matters that are properly contained in an affidavit, and are supported by Lewis' personal knowledge and her review of Elk's records.  (See, e.g., Lewis Aff. ¶¶ 3, 9L, 9I, 10, 14, 16, 19, 32, 41, 44, 47, 58, 60, 68, 69, 72, 73, 74, 78.)  The Court notes Paragraph 9(I) discusses, inter alia, Columbus Nova ("CN"), the United States-based operating arm of the Renova Group, and its owner, Viktor Vekselberg ("Vekselberg").  (Lewis Aff. ¶ 9(I).)  Lewis states Vekselberg has "close ties with Russia" and has been on the United States Sanctions List.  (Id.)  Although Defendants argue Lewis could not have personal knowledge of Vekselberg's status on the Sanctions List based upon a review of Elk's records, the Sanctions List is a matter of public record.  Further, as noted by the Receiver in

9

its opposition, Lewis cites in Paragraph 9(I) several documents that shed light as to Vekselberg's national and corporate affiliations. (See Pl Opp'n to Defs. Mot. Strike at 10-11, ECF No. 241-6.)   In addition, Defendants object to several charts, as contained in Paragraphs 58, 73, 74; however, these charts are clearly derived from the various documentary evidence cited throughout the Lewis Affidavit and appear to offer helpful visual aids.  (See Defs. Mot. Strike at 8-9.)  To the extent the Receiver relies upon these charts in its summary judgment motion, Defendants may advance further challenges to them in their forthcoming opposition.   The remaining proper assertions identified above merit no further discussion.

The Court does, however, agree with Defendants that, to some extent, the Lewis Affidavit draws inappropriate conclusions as to whether Defendants were aware, should have been aware, or had knowledge of certain matters because such matters do not appear to be based on Lewis' personal knowledge.   See Pacenza v. IBM Corp., No. 04-CV-5831, 2007 WL 9817926, at *4 (S.D.N.Y. July 26, 2007) (striking portions of declaration because they were not based on declarant's personal knowledge), aff'd, 363 F. App'x 128 (2d Cir. 2010).  As such, the following matters are STRICKEN:

- From Paragraph 11: "Feinstein was aware or should have been aware of Elk's contractual agreements with SBA, including the requirement to obtain from SBA written approval prior to use

of proceeds from the sales of Elk's assets." (Lewis Aff. ¶ 11

(citation omitted).)

- From the first line of Paragraph 12: "had actual knowledge at all relevant times that Elk was an SBIC licensed by SBA subject to the Act and Regulations, and."[2]  (Id. ¶ 12.)

- Paragraph 26 in its entirety.[3]

---

[2] Paragraph 12 will now be read by the Court as follows:

> Defendants Feinsod and Feinstein each submitted an SBA Form 2182 and SBA Statement of Personal History with exhibits "for the purpose of determining my eligibility for the Small Business Investment Company program," and certified each had the knowledge, experience, and capability necessary to comply with the Act, and the Regulations as an SBIC officer or director. See Ex. 3, at 43-70 (Feinstein SBA Form 2182); 2, at 25-41 (Feinsod SBA Form 2182); see also Weinberg Aff. Ex. 44 (Answers ¶¶29-31), 47 (Feinstein Tr: 46), 46 (Feinsod Tr: 69).

(See Lewis Aff. ¶ 12, as modified supra.)

[3] Paragraph 26 contains several substantive conclusions about Defendants' conduct and states of mind, and is inadequately supported by a general citation to a line of exhibits that consists of nearly 600 pages. (See Lewis Aff. ¶ 26 ("See Ex. 4, 7, 8, 30, 32 and 34; see Hanover Decl., Ex. 1.").)  It is not the Court's role to find the needles in the haystack to justify the competence of the Receiver's evidence. See Brophy v. Chao, No. 17-CV-9527, 2020 WL 4040742, at *1 (S.D.N.Y. July 16, 2020) ("Plaintiff in some instances cited to documents that are many pages long without providing a pinpoint citation, which is entirely unhelpful for the Court, and, more critically, means that the facts offered need not be accepted as true." (citing Patacca v. CSC Holdings, LLC, No. 16-CV-679, 2019 WL 1676001, at *17 (E.D.N.Y. Apr. 17, 2019))); see also Patacca, 2019 WL 1676001, at *17 ("[I]t is not the role of the Court to search the summary judgment record for evidence . . . ." (citing N.Y. State Teamsters Conf. Pension &

11

- From Paragraph 34: "As the most senior executive and financial officers of Ameritrans and Elk, Feinsod and Feinstein had or should have had full knowledge of all of Elk's contractual agreements with Elk's largest creditor, the SBA." (Id. ¶ 34.)

However, the Court declines to strike the portion of Paragraph 44 which states "Defendants were aware that SBA approval would not be obtained" for the "CN Stock Purchase Agreement" because of an e-mail from Feinsod to the Ameritrans board, which states: "as structured our CN transaction will not be approved." (See id. ¶ 44 (quoting Feinsod Aug. 2, 2011 E-Mail, Ex. 22, ECF No. 223-27, attached to Lewis Aff.).)

Defendants' arguments concerning whether the Lewis Affidavit contains inappropriate legal argument or expert testimony are without merit. Although Defendants argue Lewis "extensively describes and makes legal arguments based on the SBA's complex regulatory framework" (see Def. Mot. Support Memo at 5-6 (citing Lewis Aff. ¶¶ 9(C), 9(D), 9(G), 14, 67)), the Court does not find her to be prohibited from referencing the statutory authority that governs the industry she works in, and which appears throughout the documentation she reviewed and cited. Nor does the Court find Lewis' statements concerning Elk's insolvency should be stricken as Lewis' assertions are supported by the documentation

_____

Ret. Fund v. Express Servs., Inc., 426 F.3d 640, 648-49 (2d Cir. 2005))).

to which she cites.   (Id. at 6-7 (citing Lewis Aff. ¶¶ 3 & n.2,
20, 22, 42, 50, 57).)

       In addition, Defendants argue the Lewis Affidavit opines
on "[w]hether Defendants breached their fiduciary duties and
caused Elk to engage in ultra vires acts."   (Defs. Mot. Strike
Support Memo at 7-8 (citing Lewis Aff. ¶¶ 23, 26, 36, 50, 60-61,
72, 78, 79, 85).)   As set forth above, the Court has already
stricken Paragraph 26; the Court will also STRIKE the last sentence
of Paragraph 78, which states: "This email shows Defendants
intention to pay Ameritrans creditor CN when Elk was insolvent
without notice to Elk's secured creditor SBA."   (Lewis Aff. ¶ 78.)
In a similar vein, the Court also STRIKES the second to last
sentence of Paragraph 64, which states: "Ameritrans did not have
a reasonable expectation to pay off the Note, as it did not have
sufficient assets nor a reasonable plan to obtain the funds to pay
off the $4.5 Million Note."   (Id. ¶ 64.)   These stricken portions
do not appear based on Lewis' personal knowledge; however, the
Receiver may advance arguments about state of mind in its
memorandum of law.

       As a final matter, Defendants argue the Lewis Affidavit
is an attempt by the Receiver to circumvent the Court's page-
limitation for its memorandum of law.   (Defs. Mot. Strike at 10.)
Although the Court generally disavows statements in memoranda of
law that incorporate by reference other documentation "[f]or a

full statement of the facts," as done by the Receiver in support of its summary judgment motion (see Pl. Mot. Sum. J. Support Memo at 1, ECF No. 223-64 (citing Lewis Aff.)), the Court declines to strike the Lewis Affidavit on this basis.  Nevertheless, despite the complexities of this case, the Receiver's hardly more than two-page "Statement of Facts" is underwhelming.

Accordingly, the Court instructs the parties to proceed as follows.  In light of the Court granting in part Defendants' motion to strike the Lewis Affidavit, on or before October 30, 2023, the Receiver shall file an amended memorandum of law in support of its summary judgment motion, and ensure a more comprehensive "Statement of Facts" is included.  After the Receiver's amended brief is filed, the Court will consider an application by Defendants for an expansion of the page-limitation for its opposition brief, if reasonable under the circumstances.

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** Defendants' motion to strike the Lewis Affidavit (ECF No. 238) is GRANTED IN PART and DENIED IN PART; and

**IT IS FURTHER ORDERED** that on or before October 30, 2023, the Receiver shall file an amended memorandum of law in support of its motion for summary judgment; and

14

**IT IS FURTHER ORDERED** that on or before November 6, 2023, the parties shall submit a proposed schedule to complete briefing on their respective motions for summary judgment; and

**IT IS FURTHER ORDERED** that the pending motions for summary judgment (ECF Nos. 223, 225, 228) and motions in limine (ECF Nos. 224, 231, 233, 235) are ADMINISTRATIVELY TERMINATED. The motions will be reinstated once briefing on the summary judgment motions concludes.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 29, 2023
       Central Islip, New York

15